IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Hal Ruddick, Timothy Thomas, Felicia Bryant, Barry Carr, Moshe Davis, and Marshall Fuller, as Trustees of The Service Employees International Union Local 4 Health & Welfare Fund<br><br>and<br><br>Hal Ruddick, Timothy Thomas, Floyd Schlossberg and Marshall Fuller, as Trustees of The Service Employees International Union Local 4 Pension Fund<br><br>v.<br><br>Continental Care Center, Inc. and David Meisels | 08 cv 2496<br><br>Judge Zagel<br><br>Magistrate Cole |

**CONTINENTAL CARE CENTER INC.'S ANSWER TO COMPLAINT**

Now comes the Defendant Continental Care Center, Inc. ("Continental"), by its undersigned attorneys, Ashman & Stein, and in answer to Plaintiffs' Complaint respectfully states as follows:

### COUNT I

1. Continental is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

2. Continental admits that it is incorporated in the state of Illinois, and was doing

business and an employer in this District. The remaining allegations of paragraph 2 of the Complaint state legal conclusions for which no answer is required.

3. The allegations of Paragraph 3 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

4. Paragraph 4 of the Complaint states a legal conclusion for which no answer is required.

5. Continental is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

6. Continental admits that it was a party to said Master Agreement and denies the remaining allegations of Paragraph 6 of the Complaint.

7. Continental is no longer an operating company and, therefore, denies the allegations of Paragraph 7 of the Complaint.

8. Continental is no longer an operating company and, therefore, denies the allegations of Paragraph 8 of the Complaint.

9. Continental is no longer an operating company and, therefore, denies the allegations of Paragraph 9 of the Complaint.

10. Continental is no longer an operating company and, therefore, denies the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion for which no answer

is required.

12. Continental is no longer an operating company and, therefore, denies the allegations of Paragraph 12 of the Complaint.

13. Continental admits the allegations of Paragraph 13 of the Complaint.

14. Continental is no longer an operating company and, therefore, denies the allegations of Paragraph 14 of the Complaint.

15. Continental denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion for which no answer is required.

17. Paragraph 17 of the Complaint states a legal conclusion for which no answer is required.

18. Continental is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

19. Paragraph 19 of the Complaint states a legal conclusion for which no answer is required.

20. Continental denies the allegations of Paragraph 20 of the Complaint

WHEREFORE, Defendant Continental denies that it is liable to the Plaintiffs for any sum of money whatsoever, and prays that this matter be dismissed with prejudice, with costs awarded to this Defendant.

## COUNT II

21.     Continental repeats its respective answers and responses to Paragraphs 1 through 20 hereof as and for its answer and response to Paragraph 21 of the Complaint.

22.     Continental is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

23.     Continental is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

24.     Continental admits the allegations of Paragraph 24 of the Complaint.

25.     The allegations of Paragraph 25 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

26.     Paragraph 26 of the Complaint states a legal conclusion for which no answer is required.

27.     Paragraph 27 of the Complaint states a legal conclusion for which no answer is required.

28.     Continental is no longer an operating company and, therefore, denies the allegations of Paragraph 28 of the Complaint.

29.     Continental denies the allegations of Paragraph 29 of the Complaint.

30.     Continental admits the allegations of Paragraph 30 of the Complaint to the

extent that certain remittances were not made in a timely manner.

31.     Continental admits that the SEIU has demanded payments but denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Continental is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

33.     Paragraph 33 of the Complaint states a legal conclusion for which no answer is required.

34.     The allegations of Paragraph 34 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

35.     Continental denies the allegations of Paragraph 35 of the Complaint.

36.     Continental denies the allegations of Paragraph 36 of the Complaint.

37.     The allegations of Paragraph 37 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

38.     The allegations of Paragraph 38 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

WHEREFORE, Defendant Continental denies that it is liable to the Plaintiffs for any sum of money whatsoever, and prays that this matter be dismissed with prejudice, with costs awarded to this Defendant.

## COUNT III

39.     Continental repeats its respective answers and responses to Paragraphs 1

through 38 hereof as and for its answer and response to Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion for which no answer is required.

41. Paragraph 41 of the Complaint states a legal conclusion for which no answer is required.

42. Paragraph 42 of the Complaint states a legal conclusion for which no answer is required.

43. Continental admits that it did not remit certain monies to the SEIU in a timely manner and denies the remaining allegations of Paragraph 43 of the Complaint.

44. Continental is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

45. Continental admits that Plaintiffs have demanded payments and denies the remaining allegations of Paragraph 45 of the Complaint.

46. Continental denies the allegations of Paragraph 46 of the Complaint.

47. The allegations of Paragraph 47 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

48. The allegations of Paragraph 48 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

49. The allegations of Paragraph 49 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

50. The allegations of Paragraph 50 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

51. The allegations of Paragraph 51 of the Complaint are not directed to Continental and, therefore, Continental need not answer same.

WHEREFORE, Defendant Continental denies that it is liable to the Plaintiffs for any sum of money whatsoever, and prays that this matter be dismissed with prejudice, with costs awarded to this Defendant.

> Respectfully submitted,
> **ASHMAN & STEIN**
>
> By:   /s/ Carey M. Stein
>           One of Continental's Attorneys

Carey M. Stein
Ashman & Stein
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312/782-3484
Fax: 312/782-4279
Attorney No.: 37710

C:\Documents and Settings\All Users\Documents\ACTIVE\Meisels (continental) adv. SEIU\pleadings\contninental Answer.wpd