IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Hal Ruddick, Timothy Thomas, Felicia Bryant, Barry Carr, Moshe Davis, and Marshall Fuller, as Trustees of The Service Employees International Union Local 4 Health & Welfare Fund | ) ) ) ) ) ) | |
| and | ) ) | |
| Hal Ruddick, Timothy Thomas, Floyd Schlossberg and Marshall Fuller, as Trustees of The Service Employees International Union Local 4 Pension Fund | ) ) ) ) ) ) ) | 08 cv 2496<br><br>Judge Zagel<br><br>Magistrate Cole |
| v. | ) ) | |
| Continental Care Center, Inc. and David Meisels | ) ) ) | |

**DAVID MEISELS' ANSWER TO COMPLAINT**

Now comes the Defendant David Meisels ("Meisels"), by his undersigned attorneys, Ashman & Stein, and in answer to Plaintiffs' Complaint respectfully states as follows:

**COUNT I**

1.  Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

2.  The allegations of paragraph 2 of the Complaint are not directed to Meisels and, therefore, Meisels need not answer same.

3. Meisels admits that he is a citizen of the state of New York and denies the remaining allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion for which no answer is required.

5. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

6. Meisels admits that Continental was a party to said Master Agreement and denies the remaining allegations of Paragraph 6 of the Complaint.

7. Continental is no longer an operating company and, therefore, Meisels denies the allegations of Paragraph 7 of the Complaint.

8. Continental is no longer an operating company and, therefore, Meisels denies the allegations of Paragraph 8 of the Complaint.

9. Continental is no longer an operating company and, therefore, Meisels denies the allegations of Paragraph 9 of the Complaint.

10. Continental is no longer an operating company and, therefore, Meisels denies the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion for which no answer is required.

12. Meisels is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of Paragraph 12 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

13. Meisels admits the allegations of Paragraph 13 of the Complaint.

14. Continental is no longer an operating company and, therefore, Meisels denies the allegations of Paragraph 14 of the Complaint.

15. Meisels denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion for which no answer is required.

17. Paragraph 17 of the Complaint states a legal conclusion for which no answer is required.

18. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

19. Paragraph 19 of the Complaint states a legal conclusion for which no answer is required.

20. Meisels denies the allegations of Paragraph 20 of the Complaint.

WHEREFORE, the Defendant, DAVID MEISELS , denies that he is liable to the Plaintiffs for any sum of money whatsoever, and prays that this matter be dismissed with prejudice, with costs awarded to this Defendant.

**COUNT II**

21. Meisels repeats his respective answers and responses to Paragraphs 1 through 20 hereof as and for his answer and responses to Paragraph 21.

22. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

23. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

24. Meisels admits the allegations of Paragraph 24 of the Complaint

25. Meisels admits that he resides in the State of New York and denies the remaining allegations of Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion for which no answer is required.

27. Paragraph 27 of the Complaint states a legal conclusion for which no answer is required.

28. Continental is no longer an operating company and, therefore, Meisels denies the allegations of Paragraph 28 of the Complaint.

29. Meisels denies the allegations of Paragraph 29 of the Complaint.

30. Meisels admits the allegations of Paragraph 30 of the Complaint to the extent that certain remittances were not made in a timely manner.

31. Meisels admits that the SEIU has demanded payments from Continental but denies the remaining allegations of Paragraph 31 of the Complaint.

32. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

33. Paragraph 33 of the Complaint states a legal conclusion for which no answer is required.

34. Meisels denies the allegations of Paragraph 34 of the Complaint.

35. Meisels denies the allegations of Paragraph 35 of the Complaint.

36. Meisels denies the allegations of Paragraph 36 of the Complaint.

37. Meisels denies the allegations of Paragraph 37 of the Complaint.

38. Meisels denies the allegations of Paragraph 38 of the Complaint.

WHEREFORE, the Defendant, DAVID MEISELS, denies that he is liable to the Plaintiffs for any sum of money whatsoever, and prays that this matter be dismissed with prejudice, with costs awarded to this Defendant.

## COUNT III

39. Meisels repeats his respective answers and responses to Paragraphs 1 through 38 hereof as and for his answer and responses to Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion for which no answer is required.

41. Paragraph 41 of the Complaint states a legal conclusion for which no answer is required.

42. Paragraph 42 of the Complaint states a legal conclusion for which no answer is required.

43. The allegations of Paragraph 43 of the Complaint are not directed to Meisels and, therefore, Meisels need not answer same.

44. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

45. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

46. The allegations of Paragraph 46 of the Complaint are not directed to Meisels and, therefore, Meisels need not answer same.

47. Meisels denies the allegations of Paragraph 47 of the Complaint.

48. Meisels denies the allegations of Paragraph 48 of the Complaint.

49. Meisels denies the allegations of Paragraph 49 of the Complaint.

50. Meisels denies that Plaintiffs have demanded possession of monies from him and/or that he deducted any amounts from any employee's wages. Meisels is without knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of Paragraph 50 of the Complaint and therefore neither admits nor denies them and demands strict proof thereof.

51.   Meisels denies the allegations of Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Meisels asserts the following additional defenses to each and every cause of action of Plaintiffs' Complaint. By alleging these defenses, Defendant does not concede that he carries the burden of proof on any defense stated.

### FIRST AFFIRMATIVE DEFENSE

Each claim in the Complaint fails to state a claim against Meisels upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of release.

### SIXTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

The claims in the Complaint fail because Meisels did not act with the requisite degree of intent or fault.

### NINTH AFFIRMATIVE DEFENSE

The claims in the Complaint and/or Plaintiffs' recovery therefor are barred in whole or in part by Plaintiffs' failure to take steps to mitigate damages, if any.

### TENTH AFFIRMATIVE DEFENSE

The state-law claims in the Complaint are barred by the doctrine of federal preemption.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs fail because such claims and damages, if any, were not the result of acts or omissions of MEISELS.

### TWELFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred because at all times material to the Complaint, Meisels acted in good faith and with innocent intent.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs fail because such claims and damages, if any, were the result of Plaintiffs' own acts, representations or omissions, and/or the acts, omissions or representations of third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Meisels reserves his right to add those affirmative defenses which he deems necessary to his defense during or upon the conclusion of investigation and discovery.

WHEREFORE, the Defendant, DAVID MEISELS , denies that he is liable to the Plaintiffs for any sum of money whatsoever, and prays that this matter be dismissed with prejudice, with costs awarded to this Defendant.

                Respectfully submitted,
                **ASHMAN & STEIN**

By:   /s/ Carey M. Stein
        One of Defendant Meisels' Attorneys

Carey M. Stein
Ashman & Stein
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312/782-3484
Fax: 312/782-4279
Attorney No.: 37710

C:\Documents and Settings\All Users\Documents\ACTIVE\Meisels (continental) adv. SEIU\pleadings\meisels Answer.wpd